IN THE UNTIED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **SENTINEL MANAGEMENT GROUP, INC.**, | ) | **CASE NO. 07 b 14987** |
| | ) | |
| Debtor. | ) | Hon. John H. Squires |
| | ) | |
| | ) | |
| **FREDERICK J. GREDE**, not individually but as | ) | |
| Liquidation Trustee and Representative of the | ) | |
| Estate of Sentinel Management Group, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ADV. NO. 09-513** |
| | ) | |
| **DYNAMIC ALLOCATION CTA FUND, LLC**, | ) | |
| | ) | |
| Defendant. | ) | |

## DYNAMIC ALLOCATION CTA FUND, LLC'S PRETRIAL STATEMENT

Dynamic Allocation CTA Fund, LLC ("Dynamic") submits its portion of the Pretrial Statement pursuant to the Court's order entered March 11, 2010.

I.  **Defendant's Case**

A.  **Background**

Count I of Frederick J. Grede, not individually but as Liquidation Trustee and Representative of the Estate of Sentinel Management Group, Inc., (the "Trustee") is an action to avoid and recover certain transfers as preferences under 11 U.S.C. §§ 547(b) and 550. Specifically, the Trustee seeks to avoid and recover transfers made by the Debtor, Sentinel Management Group, Inc. ("Sentinel") to or for the benefit of Dynamic within the ninety days prior to the Petition Date in the amount of $2,735,691.47 (the "Transfers").

Count II is a disallowance of claims action made pursuant to section 502(d) of the Bankruptcy Code to disallow any claim of the Defendant from which property is recoverable under sections 542, 543, 550 or 553 of the Bankruptcy Code or that is a transferee of a transfer avoidable under sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under sections 522(i), 542, 543, 550, or 553 of the Bankruptcy Code. Specifically, the Trustee seeks disallowance of Defendant's claims until Defendant pays the Trustee the value of any Transfers it received.

**II.     Plaintiff's Contentions of Facts in Support of the Causes of Action and Evidence to be Relied Upon to Establish the Facts Contended**

**A.     Defenses**

1.     Dynamic denies that under any interpretation of the Bankruptcy Code the Trustee should be able to recover any money invested in Sentinel by Dynamic's investors as a Preference. Dynamic was a small investment firm in Maryland that is now defunct. A number of investors pooled their money together and via Dynamic, invested in Sentinel. Shortly before Sentinel filed for bankruptcy, Dynamic's investors decided to pull out of Sentinel because of poor return on their investment. Sentinel paid the funds directly to Dynamic's investors. Dynamic did not receive any payment from Sentinel. Thus, it appears that the Trustee's only preference claim could be "for the benefit of a creditor" and not "to a creditor" under 11. U.S.C. § 547.

2.     At all times relevant to this action, the funds invested by Dynamic with Sentinel remained the property of the individual investors because those funds were subject to a statutory trust created by the segregation requirements of the Investment Advisers Act

2

and the Commodity Exchange Act and an express trust created by the Investment Management Agreement between the parties. Sentinel never had an interest in these funds. Sentinel had no legal right to control Dynamic's investors' property. To prove each of the asserted affirmative defenses, Dynamic will rely on testimony from its former managing member, business statements, third party documents and witnesses with knowledge of the relevant facts. Discovery has not yet been completed, and therefore additional information may come to light which provides evidence in support of Dynamic's defenses.

### III. Uncontested Facts

A. Defendant incorporates by reference the Trustee's statement of uncontested facts in his Pretrial Statement.

### IV. Contested Facts

B. Defendant incorporates by reference the Trustee's statement of uncontested facts in his Pretrial Statement.

### V. Contested Legal Issues

A. The Transfers do not constitute preferential transfers that may be avoided pursuant to 11 U.S.C. § 547(b).

B. Within ninety (90) days prior to the Petition Date, the Debtor did not transfer property in which it had an interest (defined above as the Transfers) to or for the benefit of Defendant, as set forth in Exhibit A attached to the Complaint.

C. The Transfers were not made to or for the benefit of a creditor of the Debtor.

D. The Debtor did not make the Transfers on account of an antecedent debt owed by the Debtor at the time the Transfers were made.

  E. Sentinel never had a legal or equitable interest in the money purportedly transferred to Dynamic.

  F. The Transfers were directly made to Dynamic's investors and not to Dynamic itself; thus, the Transfers were not made for the benefit of Defendant.

Dated: March 26, 2010        Respectfully submitted,


              /s/ Edward X. Clinton

Edward X. Clinton
Law Office Of Edward X. Clinton, P.C.
30 North LaSalle Street
Suite 3400
Chicago, IL 60602
312-357-1515 (telephone)
312-201-0737 (fax)
Atty. No. 6206773

Morgan W. Fisher
(*pro hac vice* Admission Pending)
Andrew J. Lawrence (*pro hac vice* Admission Pending)
LAWRENCE & FISHER PLLC
5335 Wisconsin Ave., NW
Suite 700
Washington, DC 20015
202-536-5534 (telephone)
866-393-4828 (fax)

**CERTIFICATE OF SERVICE**

   Edward X. Clinton, an attorney, hereby certifies that on the 26th day of March, 2010, he caused to be served, via the court's electronic case filing system and electronic mail, a true and correct copy of **MOTION FOR LEAVE TO FILE** upon:

Catherine L. Steege: (csteege@jenner.com)
Chris C. Gair: (cgair@jenner.com)
Vincent E. Lazar (vlazar@jenner.com)

Jenner & Block, LLP
330 N. Wabash Ave.
Chicago, IL 60611

*Attorneys for Frederick J. Grede,*
*Liquidation Trustee of the Sentinel Liquidation Trust*


Dated: March 26, 2010

                /s/ Edward X. Clinton

5